## Commonwealth ex rel. Amendola v. The American Insurance Company

*D. E. Rohall,* for plaintiff.

*R. F. McCabe, Jr.,* for defendant.

DOYLE, J., February 5, 1971.—Plaintiff-relator's (plaintiff) complaint avers that on January 31, 1967, The American Insurance Company (defendant) became a surety on a bond of Personnel Specialists, Inc., an employment agency trading as General Personnel (General Personnel) to the Commonwealth of Pennsylvania in the penal sum of $1,000. The Employment Agency Law of July 31, 1941, P. L. 616, 43 PS §535, provides that an employment agent must obtain a license and file a bond with the Department of Labor and Industry. The bond language tracks section 9 of the act, 43 PS §543, and provides that the principal (General Personnel) and surety (defendant) agree to pay:

". . . all damages occasioned to any person by reason of any misstatement, misrepresentation, fraud or deceit or any unlawful act or omission of any such person, his agent or employes, while acting within the scope of their employment, made, committed or omitted in the business conducted under such license, or caused by any other violation of this act in carrying on such business. . . ."

On July 31, 1967, the relator in this action brought suit at no. 2319 of 1967 against General Personnel (principal on the bond in this suit) demanding return of a $600 fee paid by plaintiff to General Personnel, alleging that said defendant wrongfully and fraudulently refused to refund the employment fee. Plaintiff obtained a default judgment in the amount of $600 against General Personnel on December 11, 1967, but was unable to collect the same because of General Personnel's insolvency.

Relator, in this suit, seeks recovery from the surety "by reason of the above judgment referred to and the Bond in Existent (sic) covering such." Defendant, alleging that relator's claim is based on a mere civil debt not paid by reason of insolvency, denies liability to relator. It further avers that the judgment is of no force as to the surety.

There is a paucity of precedent in Pennsylvania concerning the legal consequence to a surety of a default judgment entered by the creditor against the principal. In Commonwealth, to use, v. Turner, 340 Pa. 468 (1941), the court, although noting that in some instances the creditor should not be compelled to prove a second time facts already established in the action against the principal, held that a default judgment against the principal was not conclusive, or even prima facie evidence, of the liability of the surety to

the creditor. The court also commented that there exists:

"... some authority in this jurisdiction for an extended application of the rule to include among those judgments binding on the surety judgments obtained by confession (Eagles v. Kern, 5 Wharton 143, 144), and by default (McMicken v. Commonwealth, 58 Pa. 213). It may be questioned whether these cases stand upon the same firm foundations of equity and expediency that support those in which there is an adverse judgment against the principal upon the merits. Where judgment is entered against the principal by confession or default, upon pleadings which set forth solely acts of official misconduct for which the surety would be liable upon the bond, and where the surety has failed to avail itself of an opportunity to enter a defense in the name of the principal, there can be no injustice in giving the judgment the effect of conclusive, or at least prima facie, evidence against the surety . . .": Page 472.

Restatement, Security §139(3), provides:

"Where, in an action by a creditor against a principal, judgment is obtained by default or confession against the principal, and the creditor subsequently brings an action against the surety, proof of the judgment against the principal is evidence only of the fact of its rendition."

The American Law Institute comment on subsection (3) states:

"e. The probative significance of a judgment obtained by confession or default is much less than that of a judgment after trial on the merits. Moreover, the arguments of policy and convenience against duplication of trials have little weight where there has not been a determination after consideration of evidence introduced by both sides to a litigation. Such a judg-

ment against the principal does not create a rebuttable presumption of the principal's liability, in an action between creditor and surety."

The decisional law and the cited authorities force the entry of an appropriate order denying plaintiff's motion for judgment on the pleadings.

Defendant has also filed a motion for judgment on the pleadings, maintaining that plaintiff has not alleged any failure to fulfill any condition of defendant's bond, but merely his inability to collect a civil debt (allegedly due plaintiff) because of the insolvency of General Personnel, the principal on the bond. Plaintiff insists that because he holds a judgment against the principal on the bond, he need not prove that General Personnel caused him damage within the terms of the bond, viz: "misstatement, misrepresentation, fraud, deceit, unlawful act or omission." However, while that judgment may bind the principal, against whom it was entered, it does not bind the surety, who has never had an opportunity to defend itself. As to the surety, plaintiff must allege and prove that the principal did not comply with a term of the bond. On this record, he has not even *alleged* noncompliance with any of the acts statutorily specified in section 9 of the act. Defendant is not a general surety but a surety whose duty is limited by the statutory language which is repeated in the bond. Under these circumstances, defendant's motion must be granted. An appropriate order will be entered.

## ORDER

And now, February 5, 1971, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.